**STATE of Utah, Plaintiff and Appellee,**

v.

**Rene RUIZ, Defendant and Appellant.**

**No. 920126–CA.**

Court of Appeals of Utah.

Dec. 11, 1992.

Lisa J. Remal and Elizabeth Holbrook, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., and J. Kevin Murphy, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, JACKSON and ORME, JJ.

JACKSON, Judge:

Defendant appeals his conviction of possession of a controlled substance, a third degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i), (b)(ii) (1989). We affirm.

## FACTS

On June 5, 1990, a magistrate issued a search warrant authorizing police to search for narcotics at defendant's residence in Salt Lake City, Utah. The warrant allowed the police to enter "day or night" and without notice. The search warrant was issued based on information in the officer's supporting affidavit that the officer had initiated the purchase of cocaine from inside the address to be searched, drug activity had been observed "in the evening hours," the defendant had "intense counter surveillance" measures in place, and the defendant claimed to have a handgun that he would use to defend his narcotics. The affidavit also stated that the narcotics sought could be "quickly destroyed, disposed of, or secreted." The warrant was executed on June 5, 1990, and the officers seized cocaine, packaging materials, cash, and four handguns.

Prior to trial, Ruiz filed a motion to suppress, challenging only the authority to conduct the search at night. After hearing argument concerning the sufficiency of the affidavit supporting the issuance of the nighttime search warrant, the trial court denied the motion to suppress.

Ruiz subsequently entered a conditional guilty plea to one count of unlawful possession of a controlled substance, a third degree felony, preserving his right to appeal the denial of his motion to suppress as permitted under *State v. Sery,* 758 P.2d 935, 938–39 (Utah App.1988). The trial court sentenced Ruiz to a term of one to five years in the Utah State Prison.

## ISSUES

Ruiz challenges the trial court's failure to suppress evidence as follows: (1) the affidavit and warrant are too vague to support a finding of probable cause; (2) the affidavit lacks sufficient factual information to justify inclusion of a no-knock provision in the search warrant; and (3) the affidavit lacks adequate factual information to support authorization for a nighttime search.[1]

## ANALYSIS

Ruiz alleges the affidavit lacks sufficient factual information to support authorization for a nighttime search. Utah Code Ann. § 77-23-5 (1990) provides that a search warrant must be served in the daytime

> unless the affidavits or oral testimony state a reasonable cause to believe a search is necessary in the night to seize the property prior to it being concealed, destroyed, damaged or altered, or for other good reason; in which case [the magistrate] may insert a direction that it be served any time of the day or night.

This statute requires showing of special circumstances that would justify a search at night. *State v. Rowe,* 806 P.2d 730, 733 (Utah App.1991), *rev'd on other grounds,* 196 Utah Adv.Rep. 14 —— P.2d —— (Utah 1992); *see also State v. Purser,* 828 P.2d 515, 519 (Utah App.1992). The affidavit must support a "reasonable cause" determination that a nighttime search is necessary. *Rowe,* 806 P.2d at 733. Although it is difficult to anticipate all the factors that would justify authorization of a nighttime search, the statute clearly requires a showing either (1) that the search is required at night because the property is on the verge of being "concealed, destroyed, damaged, or altered," or (2) for other good reason. *Id.*

The affidavit in the present case shows that all narcotic related activity at the address was observed in the evening hours. "If the supporting affidavit made a particularized showing that drugs were likely to be sold or consumed over the course of the night and evidence lost thereby ... the propriety of a nighttime search becomes manifest." *Id.* at 734 n. 4. Because the drug transactions occurred during the evening hours, no drugs would likely be found on the premises during the daytime hours. Accordingly, the statutory requirement regarding loss or destruction of evidence was satisfied.

Because the affidavit sets forth specific facts demonstrating that the drugs were sold in the evening, we find the authorization for the nighttime search was justified. Therefore, we affirm.

GREENWOOD and ORME, JJ., concur.

---

1. Because Ruiz failed to challenge the finding of probable cause and the inclusion of the no-knock provision below and because no exceptional circumstances exist, we need not consider these issues on appeal. *State v. Carter,* 707 P.2d 656, 660–61 (Utah 1985); *State v. Archambeau,* 820 P.2d 920, 922–26 (Utah App.1991).